## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF INDIANA
## INDIANAPOLIS DIVISION

| | |
|---|---|
| Renee Clancy, | ) |
| Plaintiff, | ) |
| v. | ) No.  1:20-cv-2541 |
| Radius Global Solutions, LLC, a Minnesota limited liability company, | ) |
| Defendant. | ) <u>Jury Demanded</u> |

## COMPLAINT

Plaintiff, Renee Clancy, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendant's debt collection actions violated the FDCPA, and to recover damages, and alleges:

## JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) the acts and transactions occurred here; b) Plaintiff resides here; and, c) Defendant transacts business here.

## PARTIES

3. Plaintiff, Renee Clancy ("Clancy"), is a citizen of the State of Indiana, residing in the Southern District of Indiana, from whom Defendant attempted to collect a defaulted consumer debt that she allegedly owed for a Citibank account.

4. Defendant, Radius Global Solutions, LLC ("Radius"), is a Minnesota limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt

to collect, defaulted consumer debts, including defaulted consumer debts in the Southern District of Indiana. In fact, Radius was acting as a debt collector as to the defaulted consumer debt it attempted to collect from Ms. Clancy.

5. Defendant Radius is authorized to conduct business in Indiana, and maintains a registered agent here, see, record from the Indiana Secretary of State, attached as Exhibit A. In fact, Defendant Radius conducts business in Indiana.

6. Defendant Radius is licensed as a debt collection agency in the State of Indiana, see, record from NMLS Consumer Access, attached as Exhibit B. In fact, Defendant acts as a collection agency in Indiana.

## FACTUAL ALLEGATIONS

7. On April 22, 2020, Defendant Radius sent Ms. Clancy an initial collection letter demanding payment of a debt she allegedly owed to Citibank. A copy of this letter is attached as Exhibit C.

8. Accordingly, as is her right under the FDCPA, Ms. Clancy had her attorney send Radius a letter, dated April 29, 2020, disputing the Citibank debt and notifying Radius that Ms. Clancy was represented by counsel. A copy of this letter is attached as Exhibit D.

9. Nonetheless, Defendant Radius, without providing validation of the debt, sent a collection letter, dated September 16, 2020, directly to Ms. Clancy demanding payment of the Citibank debt. A copy of this is attached as Exhibit E.

10. Defendant's actions caused Plaintiff to question whether she had the right to dispute the debt and whether her attorney had done his job. This caused Ms. Clancy alarm, distress and confusion.

11. All of Defendant's collection actions complained of herein occurred within one year of the date of this Complaint.

12. Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard, see, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I
## Violation Of § 1692c(a)(2) Of The FDCPA --
## Communicating With A Consumer Represented By Counsel

13. Plaintiff adopts and realleges ¶¶ 1-12.

14. Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, see, 15 U.S.C. § 1692c(a)(2).

15. Defendant Radius knew that Ms. Clancy was represented by counsel in connection with the debt at issue because her attorney had informed Defendant, in writing (Exhibit D), that Ms. Clancy was represented by counsel, and disputed the debt. By directly sending Ms. Clancy the September 16, 2020 letter (Exhibit E), despite being advised that she was represented by counsel, Defendant Radius violated § 1692c(a)(2) of the FDCPA.

16. Defendant Radius' violation of § 1692c(a)(2) of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## COUNT II
### Violation Of § 1692g Of The FDCPA –
### Continuing To Collect A Disputed Debt Without Providing Validation

17.    Plaintiff adopts and realleges ¶¶ 1-12.

18.    Section 1692g(b) of the FDCPA prohibits a debt collector from continuing to collect debt, or any disputed portion of a debt, if the consumer has notified the debt collector, in writing, that the debt is disputed, until the debt collector provides the consumer with verification of the debt.

19.    Here, the letter from Ms. Clancy's attorney told Defendant that she disputed the validity of the debt and requested verification of the debt (Exhibit D). By continuing to demand payment of the debt, without providing verification of the debt, Defendant violated § 1692g Of The FDCPA.

20.    Defendant's violation of § 1692g(b) of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiff, Renee Clancy, prays that this Court:

1.    Find that Defendant's debt collection actions violated the FDCPA;

2.    Enter judgment in favor of Plaintiff Clancy, and against Defendant, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3.    Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Renee Clancy, demand trial by jury.

                                                Renee Clancy,

                                                By:/s/ David J. Philipps_____
                                                One of Plaintiff's Attorneys

Dated:  September 30, 2020

David J. Philipps     (Ill. Bar No. 06196285)
Mary E. Philipps     (Ill. Bar No. 06197113)
Angie K. Robertson (Ill. Bar No. 06302858)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com
angie@philippslegal.com

Steven J. Halbert     (Ind. Bar No. 14254-02)
9465 Counselors Row
Suite 200
Indianapolis, Indiana 46240
(317) 805-4717
(317) 732-7511 (FAX)
shalbertlaw@gmail.com